The first case today is number 181305 and number 181306, the United States v. Jesse C. Newton. Thank you. Thank you very much. Good morning, Mr. Maddox. Good morning, Your Honor. I would like to reserve a minute and a half for rebuttal, if I could. Okay. May it please the Court, my name is William Maddox and I represent Jesse Newton on his claim this morning that the District Court erroneously applied guideline 2K2.1B6B in this matter in connection with another felony offense. We allege that there was an insufficiency of the evidence at the trial level to establish both that there was a qualifying felony and that there was in connection with, in particular, the standard of close proximity. So we feel that according to Panetto and Oliveira and Matthews that there are two subsidiary prerequisites and that... So your client's home, in your client's home was found the key to the fenced in marijuana growing area. Your Honor, Officer Dameron is the source for that and he wasn't sure. On page 77 of his transcript, he alludes that he thought he found it or somebody found it in the home, in his mother's home. And then additionally, he thought that it went to the gate of that closed area. And so it was somewhat speculative on his part. There was not a definitive statement to that effect. Well, the police didn't have to break the gate open. I don't think they did, Your Honor. That's correct. They got a key from somewhere. I suppose you are. All I know is that on the sentencing record that he said that there was a possibility that this happened. So what we're arguing is that there was a qualifying felony was not clearly established either by the government in its presentation to the court and that the court did not make a specific finding as to the elements of the applicable felony. It's my understanding from the briefer, I believe, that they have essentially conceded the issue as to whether the other felony was distribution under 841A and that they therefore are saying that it was. It's not distribution. It's not trafficking. It is just simple cultivation. And simple cultivation under 844, Section 844, is a misdemeanor. And 841A is a jury instructions for 841A come from United States v. Latham or Ratham. And that specifically addresses whether it is a distribution or trafficking case. So if it were that the jury instructions at 841A were applicable, then at the trial level they would have to make a lesser included request. And none of this was gone into at the district court. He took the effort to have a picture taken of himself standing in the marijuana grow, posing like Rambo with his gun? Your Honor, that is Exhibit 4 of one of the sentencing hearings. And my feeling on that is that there was no indication as to when this picture was taken. And that it was neither established through the witness who found it on the cell phone and shown to the store clerk who identified it. So it could have been years before. We don't know. Now, that's part of the sentencing transcript. And also a path leading from his house to the grow and not leading to any other residence. The path was from the end of the client's mother's property. And there's no indication how far the house was as it's located on that property. We've got fact-finding here and we're talking about clear error, right? Well, yes, it's clear error. And in connection with, lends itself to the sliding scale analysis of the standard. And so it seems to me that that's where the analogies to the other cases, Cannon, Matthews, Panetto, and Oliveira come into play. That on those cases, there was a great quantum of evidence, including evidence of paraphernalia, which we're just lacking in this case. In the defendant's mother's house, there was no marijuana was found. No paraphernalia was found. Well, he said he had taken up gardening. He did say that initially. And they found gardening tools. Yes, Your Honor. I don't know if those are considered drug paraphernalia, but there was no marijuana found in the house or drug paraphernalia. But it's certainly reasonable to infer, and we're talking about reasonable factual inferences, it's certainly reasonable for the court to have inferred, isn't it, that the gardening, so-called gardening, he was gardening the marijuana that was located within a short distance from his house. Well, I don't know exactly the distance from the house. I understand it was maybe 40 feet from the property line. I don't know the distance from that part of the house. And I don't know if there was other gardening activity outside of the house proper on the mother's property itself. And I don't know whether the defendant, when he made that comment, was being facetious with the officer when they asked him about that particular issue. I would say that it is somewhat attenuated to say that someone who possesses gardening equipment and has taken an interest in gardening is growing marijuana for distribution or for sale or of a felonious nature. He was growing a large quantity of marijuana, and you do need equipment in order to cultivate marijuana. It's my understanding, Your Honor, that there were two plots. There may have been three. I saw one note that there were three plots. And the total of all three plots was 46 plants, and I'm not certain if that equates into a large number, if that's a felonious drug quantity. I don't understand your argument on cultivation. Doesn't the statute expressly prohibit manufacturing? And isn't manufacturing defined to include production, which includes growing, cultivation? Yes, Your Honor. However, were that to be the jury instruction, it would have to be altered in this case to... But why do we care about what the jury instruction would have been? Well, because what I was thinking was that the quantity of evidence in this case to establish that in connection with that allegedly qualifying felony wouldn't rise to a level of a grand jury indictment for that qualifying felony. And if it wouldn't rise to that level, then I was just looking into the quantity of evidence needed to establish a felonious... So this is just your argument that there isn't enough evidence that he was cultivating. There's no argument that if he was cultivating, that wasn't a crime. Well, it's both, because it may... Well, how is it not a crime under the statute if you're cultivating marijuana? If I may? Yes. Well, it is a crime federally, and so the answer to the first question is yes. And it's a felony. Well, 844 is a misdemeanor. 841A is a felony. Yes. And that makes it unlawful to intentionally manufacture. And my feeling is that if they were going on a misdemeanor, it would be 844, and that the evidence is more in tune with 844 than 841A. Thank you. Thank you. Good morning. Good morning. May it please the Court. My name is Jean Simivan, and I represent the government in this case. And this case, at its core, is fundamentally about a man who is intimidating his community. And here, the appellant, Newton, has challenged only a single straightforward sentencing enhancement. That, standing alone, did not have a material impact on the ultimate guidelines calculation and, therefore, on the sentence imposed. I'll first address why the Court properly applied the enhancement at 2K2.1B, and then I'll move on to explain why, even if the Court had erred, it wouldn't matter. Well, don't you just need to show there was enough evidence to find cultivation and cultivation is a felony and that's it? Precisely, Your Honor. The government has simply included the secondary harmless error argument out of an abundance of caution to provide a complete defense of the case. But you are absolutely correct. It is a relatively straightforward fact pattern that, especially under the clear error standard, is a very difficult hurdle to overcome. I think, first, it's important to really make the distinction between cultivation and trafficking and why a lot of the authority that Newton relies on only applies to trafficking offenses and why the issue of cultivation, as Your Honor suggested, is much simpler. And that can be found in the enhancement commentary, paragraphs 14A and 14B. Now, the paragraph that the appellant appears to implicitly apply is 14B, and that allows you to presume that the enhancement applies if there is close proximity, if it's a drug trafficking offense. However, this comment that governs the case here is comment 14A, and that is a discretionary comment that allows the court to apply the enhancement if it makes a finding that the firearm had the ability to facilitate or actually facilitated the other felony. So all of the requirements in the cases the appellant is citing that require proximity, that require evidence of trafficking, really aren't relevant to the case before us. Now, with respect to the statute that governs here, to the extent that these arguments have been preserved by the appellant, it is clear that 21 U.S.C. 841A is the applicable statute for the cultivation of marijuana, and it is a felony as established by 841B1D, which provides that unless there are more than 50 plants, in which case B1C would be the appropriate designation, it's punishable by up to five years imprisonment. So that should be dispositive as to whether it's a felony. To briefly address 844, even if that were to apply and there is no indication from the text of the statute that it contemplates cultivation of marijuana, it does provide in paragraph A that if the person has multiple convictions beforehand under either federal or state law, that the offense would be a felony. And as you can see in the appendix on pages, the sealed appendix, excuse me, pages 20, 22, and 24, Newton has had three prior drug offenses. So even if that statute applied, it would still be a felony. But again, both the prosecutor and the defense attorney agreed at the hearing below that that was the applicable statute. And when it comes down to the evidence that the case was based on, I won't go through it at length, but suffice it to say, there was ample evidence the judge could rely on. It's true that the evidence of the key was from one investigator's memory that did not specifically find it. But as Ryan noted, they didn't need to break the law. And you have everything else from the only trails going from the property to a Newton's mother's house, you have the cans of Natty Daddy, you have the proximity of the Gros to the house, you have the fact that he has prior offenses, you have, again, with respect to the gun itself, the photograph is not even the most interesting evidence. It's that there was a witness who saw him enter the Gros at least six times carrying the gun. So that's all corroborative. As to the date of the photograph, if you look to pages 131 and 132 of the government's supplemental appendix, witness N.K. explains that it was taken approximately two years prior to that hearing. Now, mind you, that hearing occurred at the end of March 2018, and he said it was worn out at the time. So it would place it right around the time leading up to Newton's arrest in July of 2016. So that does place the picture in the relevant period. Well, if we knocked out the enhancement, it's still just going to be a four-point reduction, which doesn't change anything, right? Precisely, Your Honor, and that leads me to the harmless error argument. Now, I would like to note briefly the appellant's reply brief. He recommended that this court adopt this attack that the Seventh Circuit has taken. There are two issues with this. The first and most obvious one is that it conflicts with the precedent that this court has established in cases such as Taylor and Hudson concerning the circumstances under which it will decline to reverse for a guidelines calculation issue. Now, the appellant cites Johns for the premise that it requires detailed reasoning per the Seventh Circuit standard in order to reverse for a guidelines issue. But this court has declined to reverse under circumstances where the sentencing judge has made clear that by stating that he would impose or she would impose the same sentence either way, whereas the Seventh Circuit stated that was not sufficient for them. So this court has already established a standard for this, and the appellant has not explained why it should abandon that standard. The second thing that is important to address here is that the Seventh Circuit is one of the many circuits that have concluded that where the guideline calculations did not ultimately affect the guideline range, as for example through a statutory maximum or, as in a Supreme Court case, a statutory minimum, then it would not reverse because of that. And that is precisely the scenario that we have here. Now, the appellant states that the judge mentioning that there would be a theoretical argument to go below the guidelines does not bear out in the greater context of the judge's statement, which presupposes that there would be a combination of errors. But, as Rana noted, Newton has alleged only one error, and that one error, even if it were to be conceded to Newton, would not change the operative guideline range of 120 months. The sentencing court considered a variety of factors, including that Newton's extensive criminal history and the impact he had on the community. There is no realistic likelihood that this case would change if this court were to remand it, even if it were to conclude that Newton had demonstrated clear error, which, as we've discussed, is difficult to imagine given the many reasons that the court cited, that a rational person could not conclude that Newton's firearm facilitated the offense of cultivation. If there are any further questions, I would be happy to address them. Otherwise, the government is prepared to rest. Thank you. Thank you, Rana. May it please the Court. If I misspoke before concerning whether evidence of cultivation would be a felony, yes, of course. But I'm saying in this case there was not a quantum of evidence to establish cultivation, let alone that this individual was the one who was the person behind that cultivation. So on two different aspects, that is not part of this person's presentation at trial, either by the government or by the defense. And I would also say that with respect to whether the ---- Wait a minute. Somebody was growing marijuana. You're just saying it wasn't your client. Well, someone could be growing marijuana in the back of that area. If there was more than one plot, there could have been more than one person responsible for that. And we don't know that. And with respect to the harmless error analysis ---- What about the witness who saw your client in the fenced-in area? That witness did not testify at the court. That witness was a double hearsay witness that was testified to by Officer Jeremy Damman. At sentencing? At sentencing. Isn't that permitted? Well, there are no rules of evidence, as we know, at the sentencing. But it is attenuated. It may be attenuated. It attenuates the strength of the evidence? Yes. Perhaps. But there's still evidence. Yes. You don't get to choose your cases the way the government does. It's a put-up-a-gallon defense. Thank you. Thank you.